

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILLIAM JACKSON a disabled person, ] | Civil No. 13 C 2533 |
| ] | |
| Plaintiff, | Judge Elaine E. Bucxklo |
| ] | |
| v. | |
| ] | |
| OWENS CORNING/FIBREBOARD | |
| ASBESTOS PI TRUST ] | |
| Defendant. ] | |

**FILED**
MAY 28 2014
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

### Declaration of William Jackson

William Jackson a disabled person, avers that he will testify in this matter based upon his personal knowledge, and if called upon to testify, would state as follows:

1. That plaintiff William Jackson, already have an established merits from a up-dated medical asbestosis permanent lungs disease disability, since March 14, 2009 when he was clinically diagnosed, and was served with a statement from Social Security Disability Administration with those clinical documents being furnish to him for submission upon the Asbestos PI Trust.

2. The same updated medical documents was submitted upon the "Trust", between September 14, and 18, 2009 from plaintiff, the trust then used a medical submission that had been earlier submitted from plaintiff on June 8, 2008 that clinical examination was for a non asbestosis permanent lung disease disability medical diagnose demonstrating a much lesser asbestos disease condition which obviously are without an asbestosis PI injury claim value compared to an asbestosis permanent disability medical condition, to which defendant would then begin to make medical misstatements demonstrated to plaintiff throughout the trust procedures, contrary to the disability medical facts known and submitted to the trust on September in 2009.

3. The defendant have totally denied the reality of an already existed March 14, 2009 diagnosed of plaintiff asbestosis permanent lung disease disability outright and what is even a more culpable offense, defendant would affirmed on the cook county circuit court a fraudulent medical misstatement, and now has supplied the same fraudulent medical

misstatement on this federal district court, except now defendant has attempted to dressed his extrinsic fraud in different clothing.

4. It is of no supprise that defendant would wrapped his extrinsic fraud in a affirmative preclusive defense supported on a *"Res Judicata"* assertion, when it's clearly seen that it was out of desperation after plaintiff filed his federal law suite civil complaint, that defendant would attempt to trap the district court into thinking that it would be procedurally prudence for this court to aide defendant's res judicata preclusive defense with attaching the "full faith and credit to records of (including judgments in) the cook county circuit court proceeding, where it is noted the lower court turned it's attention to *"Carr v. Tillery,* 591 F. 3d 909, 914 (7 th cir. 2010) where in that case *"Carr had failed to state a claim of fraud against defendant,"* fraudulent action from a prior court history proceeding, which allowed the court to make a ruling under defendant's preclusive res judicata defense. With citing 28 U.S.C. section 1738, so it seems that this court citing of Carr to plaintiff case has failed.

5. Carr could not get relief, because he failed to ask for proper relief, Carr did not bring his fraud claim under his *"Rico"* complaint which would have defeated the defendant's res judicata. Contrary whereas plaintiff statement on his notice of appeal, on the seventh circuit court of appeals are asking for relief and his notice of motion to set aside judgment in this northern district court of Illinois did alert, and have stated a claim for relief from judgment making it clear to both courts that it is specifically because of extrinsic fraud created by defendant misrepresentation, an already medical merits asbestosis permanent lung disease disability was kept from being adjudicated in the cook county circuit court. Which defeats res judicata defense because of extrinsic fraud, *Long v. Shorebank Development Corp.*, 182 F.3d 548 (C.A. 7Ill. 1999). Long contended because the eviction order entered against her was procured through fraud, the judgment is void, that the merits of her case was not adjudicated. Now this court are also to recognized the fraud presented here by plaintiff, and apply the law as fit pursuant to, Federal Rule Civil Procedure 60(b)(3), extrinsic fraud, and 60(b)(4), void of jurisdiction. Whereas plaintiff actions are an mirror image of the action taken by "Long," and not those of, Carr", *as citied by The court, ("Remember that the only Rico claim not barred by res judicata is a claim that defendant engaged in a pattern of fraud, in that case Carr failed to being his claim against defendant for fraud which the 7th circuit pointed out."),* plaintiff has not, plaintiff made a claim of extrinsic fraud 60(b)(3), and void of juridiction, 60(b)(4) timely filed upon both courts herein, his notice of appeal, and notice of motion to set aside a final judgment including relief in plaintiff federal civil complaint.

-4-

Pursuant to, 28 U.S.C. Section 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed on this 28, day of May, 2014.

By, _____
William Jackson a disabled person/pro-se
1441 Wesley Avenue
Berwyn, Illinois. 60402
(1-708) 484-1952